### BROWN v. DEERE, MANSUR & Co. and others.

*(Circuit Court, E. D. Missouri.   January, 1881.)*

1. INVENTION—ROTATORY SEED-WHEEL.
>   The substitution of an intermittent rotatory seed-wheel for an oscillatory seed-wheel, with the addition of the devices necessary to effect such rotatory motion, constitutes a valid and important improvement.

2. SAME—DIVISION INTO DISTINCT CLAIMS.
>   . The supreme court having held divisional patents valid, there can be no legal objection to subdividing an invention into distinct claims. —[ED.

In Equity.

TREAT, D. J.   The only questions calling for especial attention are—*First*, was the patent for an improvement issued in 1865 valid?   Of this the court has no doubt; for instead of an oscillatory seed wheel, an intermittent rotatory wheel was substituted,—the intermittent rotatory operations, in combination, to be effected by the devices stated, namely, the forks on the transverse bar contrived with checks, so that the wheel could be rotated intermittently, and stopped at each discharge of the seed in the check-rows.   *Second.* Is the reissue No. 6,384 valid?   It contains three claims.   To understand them, it is necessary to consider what was included in the improvement of 1865, and not only what was the state of the art when the patents of 1853 and 1855 were issued, but also of 1865.   All that was included in the patents of 1853 and 1855 are abandoned to the public; and hence the improvement patent of 1865 and its re-issue must rest for present validity, or rather for infringement, upon the violation of the lawful rights of the plaintiff, which were acquired under said

patent of 1865 and its re-issue. Is the re-issue, as to each of its three claims, within the terms of the original patent of 1865?

It is clear that the substantial improvement consisted in a new device, which, in combination with former devices, would produce an intermittent rotatory motion, with described checks, instead of an oscillatory motion of the seed-wheels. In the re-issue the matters invented or suggested in the patent of 1865 are divided into three distinct claims. As the United States supreme court has held divisional patents valid, there can be no legal objection to subdividing the invention into distinct claims. So far as the present inquiry is concerned, there is nothing new in horizontal reciprocal seed-wheels, a transverse reciprocating bar, and a hand-lever, operated in combination, nor was there in said combination operating in connection with the valve in the seed-tube. Now, if an intermittent rotatory seed-wheel was substituted for an oscillatory wheel, and devices given for effecting such rotatory motion, consisting of forks on the transverse bar, and checks on the wheel and bar, constructed as described, a valid and important improvement was made. Such was the scope of the patent of 1865.

The re-issue subdivides that invention into three claims; *First,* the combination of the peculiar wheel and transverse bar with a hand-lever, so as to produce the intermittent rotatory motion, substantially as, etc. Here is an introduction into old machinery of a new and peculiar wheel and forked transverse bar, whereby, in combination with well-known devices, the desired result could be produced,—a new combination. *Second,* the combination of the described forks and toothed wheels to operate as stated. That combination shows the general structure of the forks and of the wheels and of the checks, whereby the intermittent rotatory motion was produced and stopped at each discharge of the radial seed-cups through the seed-valves. No similar combination existed previously, and as to some of the devices they were entirely new. *Third,* this claim, unless limited to the devices used in the combination, would be too broad, and therefore void. It is for a combina-

tion, literally interpreted, of *any* horizontal rotating seed-wheel in the hopper, and valve in the seed-tube, a transverse reciprocating bar, and operating hand-lever. Such a combination is open to more than verbal criticism. When, however, the recognized rules of interpretation in such cases are brought to bear, we find that this claim differs from the others only in making the rotatory wheel operate the seed-valve. Said valve had previously been operated in connection with the oscillatory wheel, bar, and lever. Hence, the introduction of the intermittent rotatory wheel, the forks on the transverse bar, and the checks or stops at certain points, enabled the three combinations to be effective in their respective operations, separately considered. Each of those claims is therefore held to be valid. As to the infringement, much might be said if the court had at its command the appliances whereby, through models and drawings, it could make its views clearly appear as to details of mechanical contrivances. In the absence of such aid it would be useless to attempt a detailed description thereof. It must suffice to state that the defendants infringe each of the plaintiff's claims, limiting them to the use, in combination, of the devices specified. The combinations are the same, and the devices used are the same, with merely colorable change as to form. The forks, seed-wheels, and checks exist in the patent and in defendants' machines in combination, substantially as set forth in plaintiff's patent.

A decree will be entered for the plaintiff accordingly, with reference to the master, Thomas C. Reynolds; to report the amount of profits and damages.

See *infra*, 487, for decision of the court upon motion for rehearing and to set aside the interlocutory decree.